IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA BROWN,

    Plaintiff,

 -vs-                                   Civil Action No. 14-1109

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 13).

### I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits (DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since January 1, 2012. (ECF No. 5-6, pp. 2, 6). Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on April 3, 2013. (ECF No. 5-3, pp. 2-56). On May 3, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 19-32).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Step 2 - Severe Impairment and Medically Determinable Impairment

Plaintiff first argues that the ALJ erred in finding her mental impairment of depression was not a "severe" impairment and in finding her fibromyalgia was not a medically determinable impairment. (ECF No. 12, pp. 11-13). Based on the same, Plaintiff argues that remand is warranted. *Id.*

At step 2 of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe. 20 C.F.R. §§416.920(a), 404.1520(a). A severe impairment is one which significantly limits your physical or mental ability to do basic work activities. 20 C.F.R. §§416.920(c), 404.1520(c). Thus, an impairment is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R. §§416.924(c); 404.1520(c). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §§416.920(a); 404.1520(a).

When an ALJ finds that a plaintiff suffers from even one severe impairment, the failure to find other impairments severe is not harmful to the integrity of the analysis because the plaintiff

3

is not denied benefits at that stage and the ALJ continues with the analysis. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). In this case, the ALJ did not find Plaintiff's mental impairments to be severe at step 2. (ECF No. 5-2, p. 22). Additionally, the ALJ did not find Plaintiff's alleged fibromyalgia to be a medically determinable impairment (and as such, the ALJ did not even consider the severity of the same). *Id.* After a review of the record, I find there is substantial evidence of record to support the ALJ's finding that Plaintiff's mental impairment of depression was not severe and that Plaintiff's alleged fibromyalgia was not a medically determinable impairment.[1] (ECF No. 5-2 p. 22).

Furthermore, the ALJ found Plaintiff to have the following severe impairments: bilateral carpal tunnel syndrome and right sided tennis elbow (epicondylitis), status post releases; degenerative joint disease of the knees, status post surgeries; lumbar degenerative disc disease; obesity; and anemia. (ECF No. 5-2, pp. 21-22). Therefore, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2 to determine Plaintiff's residual functional capacity ("RFC"). (ECF No. 5-2, pp. 24-32). Therefore, the ALJ did not err in this regard and remand is not warranted on this basis.

### C. **Opinion of Treating Physician**

Plaintiff next argues that the ALJ erred in failing to give "substantial weight" to her treating physician, Dr. Lisa Guthrie. (ECF No. 12, pp. 14-15). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating

---

[1] I note that the ALJ specifically stated that "although fibromyalgia is not considered to be a medically determinable impairment for purposes of this decision, all of the claimant's pain symptoms and reported limitations have been considered in the context of her other medically determinable impairments including her upper and lower extremity conditions and lumbar degenerative disc disease." (ECF No. 5-2, p. 22).

4

physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff first seems to argue that the ALJ improperly disregarded the opinion of Dr. Guthrie that Plaintiff was temporarily disabled from May 1, 2012 through May 1, 2013. (ECF No. 12, p. 14). A treating physician's assertion that a plaintiff is "disabled" or "unable to work," however, is not dispositive of the issue. 20 C.F.R. §§ 404.1527, 416.927. Such ultimate

5

questions of disability are reserved solely for the ALJ. *Id.* Thus, the ALJ was not required to give such opinion substantial weight.

Next, Plaintiff seems to argue that the ALJ erred in failing to give Dr. Guthrie's opinions set forth in physical capacity evaluation forms substantial weight simply because Dr. Guthrie was Plaintiff's treating physician and Dr. Guthrie kept informed as to Plaintiff's treatment. (ECF No. 12, pp. 14-15). As set forth above, when there are conflicting medical opinions, the ALJ may choose whom to credit. *Becker,* 2010 WL 5078238 at *5; *Diaz*, 577 F.3d at 505. After a review of the record, I find the reasons given by the ALJ in weighing the opinions of Dr. Guthrie to be appropriate, sufficiently explained and supported by sufficient evidence of record. (ECF No. 5-2, pp. 19-32); 20 C.F.R. §§ 416.927, 404.1527 (discussing the evaluation of medical opinions). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

### D. Residual Functional Capacity ("RFC") [2]

Plaintiff also argues that the ALJ improperly determined her RFC. (ECF No. 12, pp. 16-18). In support thereof, however, Plaintiff's entire argument is that there is substantial evidence to support that she is not able to physically or mentally do the work set forth in the ALJ's RFC finding. *Id.* The standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument is entirely misplaced. Nonetheless, I have reviewed the record and based on the same, I find there is substantial evidence of record to support the ALJ's RFC determination.[3] (ECF No. 5-2, pp. 19-32).

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3] The ALJ found Plaintiff has the RFC to perform light work with the following exceptions: "lift or carry up to 20 [pounds] occasionally; lift or carry up to 10 pounds frequently; stand or walk for four hours in an eight-hour workday; sit for six hours in an eight-hour workday; frequently balance; occasionally climbs

Consequently, remand is not warranted on this basis.[4]

### E. Vocational Expert

Plaintiff next submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 12, pp. 18-19). I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 5-2, pp. 19-32). Consequently, I find no error in this regard.

An appropriate order shall follow.

---

ramps or stairs; occasionally climb ladders, ropes or scaffolds; and occasionally stoop, kneel, couch, and crawl." (ECF No. 5-2, p. 24).

[4] Plaintiff, in one fleeting sentence, seems to suggest that the ALJ erred in failing to give great weight to Plaintiff's testimony regarding her inability to work due to her impairments. (ECF No. 12, p. 18). In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975). After my own review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility and his opinion is based on substantial evidence. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 5-2, pp. 30-31). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence to her complaints and found them to be contradictory. *Id*. The ALJ also discussed the fact that Plaintiff's complaints were contradicted by her daily activities and her testimony was inconsistent. *Id*. Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.f.R. §404.1529 and SSR 96-7p and, based on the entire record as a whole, there is substantial evidence to support the ALJ's conclusion. (ECF No. 5-2, pp. 19-31). Therefore, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA BROWN, )
        )
    Plaintiff, )
        )
-vs- ) Civil Action No. 14-1109
        )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
        )
    Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 26th day of March, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

                BY THE COURT:

                s/ Donetta W. Ambrose
                  Donetta W. Ambrose
                  United States Senior District Judge